I am convinced of the futility of dissenting opinions except for the relief which they afford the dissenter, but I was the author of the opinion in Titus v. Jackson, and it is a poor parent who will not rush to the defense of his own child, especially when his offspring is subjected to such undeserved and unnecessary abuse. To begin with the lengthy criticism of the Titus case is obiter, for that case resembles the present one only as "the mist resembles the rain". I will not repeat here the many cogent reasons which support the doctrine of the Titus case, as expressed in the many opinions which have endorsed it, for if the cases do not reflect with legal clarity the truth that is in them nothing that I can say will promote that result. I will content myself with a rededication of my allegiance to the principles of this jurisprudence and to the assertion of a deeper and more abiding faith in its correctness. Yes, the opinion in Titus v. Jackson, notwithstanding its source and its numerous defects, was right, and, so were the supporting opinions written by the several gentlemen of light and leading who have adorned this court, including one of its present members, but if all these opinions were wrong, it is most unfortunate that the error was not discovered sooner for the effect upon judicial dignity and public regard for the stability of judicial decision would have been less serious if the confession of error had sooner followed its pronouncement.
Of course, no consideration of consistency should dissuade a court from the prompt avowal of its mistakes, but after *Page 700 
many years of repetition no court should lightly repudiate its holding. Only the strongest conviction of error could justify such action. In the present instance no whisper of disapproval has reached us from our mentor, the Supreme Court of Louisiana, but, on the contrary, in one case, Decker v. Renaudin, by its refusal to grant a writ of review, it has endorsed the doctrine of the Titus case.
I respectfully dissent.